UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: B & J INC            CASE NO. 6:19-CV-01440

VERSUS            JUDGE JAMES D. CAIN, JR.

           MAGISTRATE JUDGE CAROL B. WHITEHURST

**MEMORANDUM ORDER**

    The Court previously granted in part and denied in part Claimant's Motion to Compel. (Rec. Doc. 36). The Court deferred ruling on Claimant's Motion to Compel to the extent she sought documents relevant to the barge BJ30, pending a determination of the applicability of the flotilla doctrine. Claimant and B&J Inc. submitted briefs on the issue (Rec. Doc. 37 and 38, respectively).

    B&J filed this limitation action following the death of Delquan Logan while working as a deckhand aboard B&J's tugboat M/V Captain Boudreaux. It is undisputed that the value of the limitation fund includes the M/V Captain Boudreaux and the barge BJ1. At issue is the whether the barge BJ30 should also be included pursuant to the flotilla doctrine.

    In a limitation action, the flotilla doctrine requires "the tender of all the vessels in a flotilla where all such vessels were not only owned by the same person, but were also both engaged in a common enterprise and under a single command." *Cenac*

*Towing Co. v. Terra Res., Inc.,* 734 F.2d 251, 254 (5th Cir. 1984). The parties do not dispute that the tug and barges shared a common owner (B&J) and were under a single command. The parties dispute whether BJ30 was engaged in a common enterprise. B&J contends "the BJ30 had already been disconnected and stowed at the time of the incident and was not necessary for, or even utilized as part of the voyage." (Rec. Doc. 38, p. 4). Claimant argues that the BJ30 had only been temporarily disconnected, citing jurisprudence in support of her position that vessels need not be physically bound together to form a common enterprise. (Rec. Doc. 37, p. 5).

Although both B&J and Claimant's positions are arguable, the Court is not called upon at this juncture to definitively determine whether the flotilla doctrine applies to increase the value of the limitation fund. Rather, the issue before the Court is whether Claimant is entitled to obtain information which could conceivably support her position. F.R.C.P. Rule 26(b)(1) sets forth the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Court finds that the determination of whether the flotilla doctrine would include BJ30 is an outstanding issue of fact which cannot be determined at this stage of the proceedings absent further factual development. The District Judge as the trier of fact will be called upon to make that determination. Because it is possible that the value of the BJ30 should be included in the limitation fund, the Court finds that discovery relevant to its value should be permitted. Accordingly,

IT IS ORDERED that Claimant's Motion to Compel (Rec. Doc. 24) is GRANTED insofar as it seeks to compel B&J to produce documents and other information relevant to the value of the barge BJ30.

Signed at Lafayette, Louisiana on this 30th day of November, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE